IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS E. DELANEY AND | § | |
| LYNDA K. DELANEY | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2018 |
| | § | |
| GULF STREAM COACH, INC. | § | |
| AND MARTIN MOTORHOME RENTALS | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the court[1] is Defendant Gulf Stream Coach's ("Defendant") Motion to Transfer Venue and Motion to Dismiss (Docket Entry No. 4).  The court has considered the motions, all relevant filings, and the applicable law.  For the reasons set forth below, the court **STAYS** Defendant's Motion to Transfer Venue and Motion to Dismiss for ten days from the date this order is received.  Defendant has ten days to either withdraw the motion to transfer venue or request an evidentiary hearing.  If Defendant does neither, the venue motion will be denied.  If Defendant fails to support its motion to dismiss with legal authority within that time period, the court will recommend denial of Defendant's Rule 12(b) motion.

### I.  Case Background

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Docket Entry No. 8.

Although the facts are not clear, on or about May 15, 2006, Plaintiffs purchased a motor home from Martin Motorhome Rentals, that was manufactured by Defendant.[2]   At some point, Plaintiffs discovered numerous defects in the motor home.   This lawsuit arises from the alleged defects in Plaintiffs' motor home, Plaintiffs' attempts to have the motor home repaired, and alleged representations made by Defendant.[3]

On May 15, 2008, Plaintiffs filed this lawsuit in Texas state court.[4]   Defendant removed this action to federal court in the Southern District of Texas.[5]  Defendant now moves that this case be transferred to the United States District Court for the Northern District of Indiana.

## II.  Preliminary Issues

In Defendant's motion to transfer venue or dismiss, Defendant cites: Federal Rule of Civil Procedure ("Rule") 12(b)(2), 12(b)(3), and 12(b)(6); 28 U.S.C. §§ 1391 ("Section 1391"), 1404(a) ("Section

---

[2]      Plaintiffs' Response to Defendant's Motion to Transfer Venue, Docket Entry No. 10, p. 1.  Although Plaintiffs purport to sue Gulf Stream Coach, Inc., and Martin Motorhome Rentals, it does not appear that Plaintiffs have attempted service of process on Martin Motorhome Rentals.  Failure to obtain service of process on a party within 120 days after a complaint is filed may result in dismissal without prejudice upon the court's own motion.  See Fed. R. Civ. P. 4(m).

[3]      Defendant's Notice of Removal, Docket Entry No. 1, Ex. A, p. 8 (unnumbered).

[4]      Id.

[5]      Defendant's Notice of Removal, Docket Entry No. 1, p. 1.

1404"), and 1406(a) ("Section 1406"); and R.C. §§ 2711.01, et seq.[6] In Defendant's brief in support of the motion to transfer venue or dismiss defendant cites Section 1391, Section 1404, Section 1406, and Federal Rule 12(b)(3).[7]

Although Defendant mentions Rule 12(b)(2), 12(b)(3), 12(b)(6), Section 1406, and R.C. §§ 2711.01, et seq., as grounds for its motion, Defendant has failed to present legal support or argue the applicability of the provisions in its brief.[8]  As it stands, the court will not speculate on the nature of Defendant's arguments under these sections.

### III.  Briefed Arguments and Court's Discussion

In support of its motion to transfer venue, Defendant focuses its attention on the enforceability of a forum selection clause

---

[6]     Based on the court's research it appears that R.C. §§ 2711.01, et seq., may refer to a section in the Ohio Revised Code.  The court is not, however, aware of the Ohio Revised Code's applicability in this motion.  As stated below, if Defendant wishes to bring a claim under these provisions, it is incumbent upon Defendant to brief the applicable law.  Defendant's Motion to Transfer Venue or in the Alternative Motion to Dismiss, Docket Entry No. 4, p. 1.

[7]     Defendant's Brief in Support of Motion to Transfer Venue or, in the Alternative, Motion to Dismiss, Docket Entry No. 5, p. 1.

[8]     In addition, this court notes that a sister court in the Fifth Circuit has noted that:

> Where the designated venue in a forum selection clause is another federal court, the majority of District Courts in the Fifth Circuit have interpreted Supreme Court and Fifth Circuit precedent to mean the proper way to enforce the clause is through a venue transfer pursuant to 28 U.S.C. § 1404(a), and not dismissal for improper venue pursuant to [Federal] Rule 12(b)(3) and 28 U.S.C. § 1406(a).

Interactive Music Tech., LLC v. Roland Corp. US., Civil Action No. 6:07-CV-282, 2008 WL 245142 at 7, (E.D. Tex. Jan. 29, 2008).

3

contained in its Limited Warranty agreement ("Limited Warranty").[9] Defendant asserts that Plaintiff Carlos Delaney ("Mr. Delaney") signed the Limited Warranty, and, therefore, is bound by the forum selection clause contained therein.[10]   In addition, Defendant asserts that, because Plaintiffs have attempted to have their motor home repaired pursuant to the Limited Warranty, Plaintiffs are estopped from denying notice of the forum selection clause.

Plaintiffs respond by refuting the validity of Mr. Delaney's signature on the Limited Warranty.  In an affidavit, Mr. Delaney denies ever signing the Limited Warranty or being presented with the document prior to purchasing the motor home.[11]   Therefore, Plaintiffs claim that they never agreed to the forum selection clause and are not bound by it.[12]

Plaintiffs further claim that Defendant has consented to jurisdiction in this court based on a letter to the Texas Department of Transportation Motor Vehicle Division ("TXDOT").[13] Plaintiffs, however, failed to brief or explain how a statement regarding jurisdiction, in a letter to the TXDOT, amounts to consent to venue in this district.

---

[9]   See generally Defendant's Brief in Support of Motion to Transfer Venue or, in the Alternative, Motion to Dismiss, Docket Entry No. 5.

[10]   Id. at Ex. A, Affidavit of Scott Pullin, p. 1, ¶ 6.

[11]   Plaintiffs' Response to Defendant's Motion to Transfer Venue, Docket Entry No. 10, Ex. 1, Affidavit of Carlos Delaney, p. 1 (unnumbered).

[12]   Id.

[13]   Plaintiffs' Response to Defendant's Motion to Transfer Venue, Docket Entry No. 10, p. 2-3 (unnumbered).

4

Although the parties make numerous arguments, essential to this court's resolution of Defendant's motion is the determination of the validity of Mr. Delaney's signature on the Limited Warranty, which contains the forum selection clause at issue.  A valid forum selection clause is a pivotal factor in this court's transfer analysis.  See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)(noting that a motion to transfer under Section 1404 requires the court to balance a number of case-specific factors and stating that "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus.").  Therefore, this court will continue its consideration of the motion to transfer venue to allow Defendant the opportunity to offer proof that the signature on the the Limited Warranty is Mr. Delaney's signature.

### IV.  Outline of Applicable Law

The court's analysis of Defendant's motion to transfer is not complete even if the court determines that Mr. Delaney signed the Limited Warranty.  The court must still consider the enforceability of the forum selection clause in this context and make a determination, pursuant to Section 1404, whether this case should be transferred to the United States District Court in the Northern District of Indiana.

### A.   Enforceability of a Forum Selection Clause

"A forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable."   Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995)).   The Fifth Circuit has noted:

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)). In addition, "[t]he party resisting enforcement on these grounds bears a 'heavy burden of proof.'"   Haynsworth, 121 F.3d at 963 (citing Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972)). If the forum selection clause is enforceable, it will be a significant factor in the court's Section 1404 analysis.   Stewart, 487 U.S. at 29.

**B.   Section 1404**

Section 1404 permits a district court to transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses . . . [and is] in the interest of justice. . . ."   28 U.S.C. § 1404(a); see also Van Dusen v. Barrack, 376 U.S. 612, 616

6

(1964); In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004).  The
party seeking the transfer must demonstrate that the balance of
convenience and justice factors favors a change of venue.  Time,
Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966).  The decision
whether to transfer venue rests within the sound discretion of the
district court.  Casarez v. Burlington N./Santa Fe Co., 193 F.3d
334, 339 (5th Cir. 1999).  "A motion to transfer under § 1404(a)
thus calls on the district court to weigh in the balance a number
of case-specific factors," including whether there is a enforceable
forum selection clause.  Stewart, 487 U.S. at 29.  The court "will
be called on to address such issues as the convenience of [the
venue chosen in the forum selection clause] given the parties'
expressed preference for that venue, and the fairness of transfer
in light of the forum-selection clause and the parties' relative
bargaining power."  Id.  "[A] forum-selection clause . . . should
receive  neither  dispositive  consideration  .  .  .  nor  no
consideration . . . ."  Id.  at 31.  In addition, this court must
balance the convenience and justice factors.

     In balancing the convenience and justice factors, the court
takes  into  consideration  various  private  and  public  interest
factors in light of the specific facts of the case.  Id. at 29; In
re Volkswagen AG, 371 F.3d at 203.  "The private concerns include:
(1) the relative ease of access to sources of proof; (2) the
availability of compulsory process to secure the attendance of
witnesses; (3) the cost of attendance for willing witnesses; and

(4) all other practical problems that make trial of a case easy, expeditious and inexpensive." <u>In re Volkswagen AG</u>, 371 F.3d at 203. Public interest factors that may be relevant to the analysis include: (1) administrative difficulties related to court congestion; (2) the local interest in deciding the controversy; (3) the familiarity of the forum with the applicable law; and 4) the avoidance of unnecessary conflict of laws problems. <u>Id.</u> Thus, while none of the factors is dispositive, the court will balance the factors and the specific facts from this case when determining whether to grant or deny the motion to transfer or dismiss.

## V. Conclusion

Based on the foregoing, the court **STAYS** Defendant's Motion to Transfer Venue and Motion to Dismiss for ten days from the date this order this order is received. Defendant has ten days to either withdraw the motion to transfer venue or request an evidentiary hearing to establish the authenticity of Mr. Delaney's signature. If Defendant does not support its motion to dismiss with case law and argument, the court will **RECOMMEND** that the motion be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned

shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 22nd day of September, 2008.

_____
Nancy K. Johnson
United States Magistrate Judge