```
                   IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF TEXAS
                             HOUSTON DIVISION
```

| | | |
|---|---|---|
| CARLOS E. DELANEY and | § | |
| LYNDA K. DELANEY | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2018 |
| | § | |
| GULF STREAM COACH, INC. | § | |
| and MARTIN MOTORHOME RENTALS | § | |
| | § | |
|     Defendants. | § | |
| | § | |

## ORDER

Pending before the court[1] are Gulf Stream Coach, Inc.'s Motion to Transfer Venue and Motion to Dismiss (Docket Entry No. 4) and Gulf Stream Coach, Inc.'s Supplemental Motion to Transfer Venue (Docket Entry No. 17). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** the motions to transfer.[2]

### I.  Case Background

**A.  Factual History**

On or about May 15, 2006, Plaintiffs purchased a new 2005 Yellowstone motor home from Sims RV World, Inc. ("Sims"), which is

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 8.

[2] Defendant has withdrawn its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (3) and (6), and 28 U.S.C. § 1391. See Defendant's Supplemental Motion to Transfer Venue, Docket Entry No. 17, p. 1-2.

located in Porter, Texas, near Houston.[3] The motor home was manufactured by Gulf Stream Coach, Inc. ("Defendant").[4] At the time of purchase, Plaintiffs were presented with and signed a retail installment contract and security agreement.[5] Within a couple of days after purchase, Plaintiffs noticed water damage and mold inside the motor home.[6] Following discovery of the damage, Plaintiffs contacted Michael Bratcher ("Bratcher"), the general manager and sales manager of Sims, about the defects in the motor home.[7] Bratcher told Plaintiffs that the motor home was under warranty and to bring the motor home back to Sims and he would have the damage to the motor home repaired.[8]

---

[3] Plaintiffs' Response to Defendant's Motion to Transfer Venue, Docket Entry No. 10, p. 1; Defendant's Brief in Support of Motion to Transfer Venue, Docket Entry No. 5, Certificate of Origin, Ex. 2, p. 1. (unnumbered). Although Plaintiffs purport to sue Gulf Stream Coach, Inc., and Martin Motorhome Rentals, it does not appear that Plaintiffs have attempted service of process on Martin Motorhome Rentals. Failure to obtain service of process on a party within 120 days after a complaint is filed may result in dismissal without prejudice upon the court's own motion. See Fed. R. Civ. P. 4(m).

[4] Plaintiffs' Response to Defendant's Motion to Transfer Venue, Docket Entry No. 10, p. 1; Defendant's Brief in Support of Motion to Transfer Venue, Docket Entry No. 5, Certificate of Origin, Ex. 2, p. 1. (unnumbered).

[5] Evidentiary Hearing Transcript, October 21, 2008, Docket Entry No. 26, p. 9-10. As discussed below, Defendant argues that Plaintiff Carlos Delaney was also presented with, and signed, the limited warranty agreement ("Limited Warranty Document") that contains the forum selection clause in dispute. Defendant's Brief in Support of Motion to Transfer Venue, Docket Entry No. 5, Limited Warranty Document, Ex. 1.

[6] Evidentiary Hearing Transcript, October 21, 2008, Docket Entry No. 26, p. 12.

[7] Id. at pp. 12, 36.

[8] Id. at pp. 13, 33. In addition, during the evidentiary hearing, Bratcher testified that, as a matter of course, he tells all customers that they have a one-year bumper to bumper warranty and a two-year structural warranty. Id. at p. 39.

After taking the motor home to numerous facilities in the Houston area to be repaired, without success, Plaintiffs took the motor home to the factory in Indiana to be repaired.[9] Subsequently, Plaintiffs regained possession of the motor home and noticed that the motor home still had mold issues.[10] This lawsuit arises from the defects in the motor home and Plaintiffs' unsuccessful attempts to have the motor home repaired.[11]

**B.   Procedural History**

On May 15, 2008, Plaintiffs filed this lawsuit in Texas state court alleging breach of warranty and violations of the Texas Deceptive Trade Practices Act ("DTPA").[12]  Tex. Bus. & Com. Code Ann. § 17.01.  Defendant removed the action to this court.[13]  On June 30, 2008, Defendant filed a motion to transfer venue.[14] Defendant based its motion to transfer venue on a forum selection clause contained in a limited warranty agreement ("Limited Warranty Document"), that it alleges Plaintiff Carlos Delaney ("Delaney")

---

[9]   Id. at p. 15-16.

[10]   Defendant's Notice of Removal, Docket Entry No. 1, State Court Documents, Ex. A, p. 8 (unnumbered).

[11]   Id.

[12]   Id.

[13]   Defendant's Notice of Removal, Docket Entry No. 1, p. 1.

[14]   Defendant's Motion to Transfer Venue and Motion to Dismiss, Docket Entry No. 4.

signed.[15]  Delaney denied, in his affidavit, signing the Limited Warranty Document or receiving the document prior to purchasing the motor home.[16]  The forum selection clause requires suit to be brought in the RV's state of manufacture, in this case, Indiana.[17]

Noting the significance of a forum selection clause in this court's transfer of venue analysis and the dispute over the validity of Delaney's signature, this court held an evidentiary hearing.[18]

At the hearing, Delaney denied signing the Limited Warranty Document or ever seeing the Limited Warranty Document until after he had attempted to have the motor home repaired.[19]  In addition, Mrs. Delaney averred that the Limited Warranty Document was not in the paperwork they received from the dealer at the time of purchase.[20]  She testified that she received the Limited Warranty

---

[15]   Defendant's Brief in Support of Motion to Transfer Venue, Docket Entry No. 5, Limited Warranty Document, Ex. 1. There was no allegation or evidence presented that Plaintiff Lynda K. Delaney ("Mrs. Delaney") signed the Limited Warranty Document.

[16]   Plaintiffs' Response to Defendant's Motion to Transfer Venue, Docket Entry No. 10, Affidavit of Mr. Delaney, Ex. 1, p. 1 (unnumbered).

[17]   Defendant's Brief in Support of Motion to Transfer Venue, Docket Entry No. 5, Limited Warranty Document, Ex. 1.

[18]   Defendant's Motion for an Evidentiary Hearing, Docket Entry No. 18; Evidentiary Hearing Transcript, October 21, 2008, Docket Entry No. 26.

[19]   Evidentiary Hearing Transcript, October 21, 2008, Docket Entry No. 26, pp. 11, 22-23.

[20]   Id. at p. 24-25.

Document after she and her husband first attempted to have the motor home repaired.[21]

Based on the evidence and testimony presented during the evidentiary hearing, this court determined that Defendant failed to present sufficient evidence that either Mr. or Mrs. Delaney signed the Limited Warranty Document.[22]

## II.  Preliminary Issues

In Defendant's motion to transfer venue and Defendant's brief in support of the motion to transfer venue, Defendant cited: Federal Rules of Civil Procedure ("Rules") 12(b)(2), 12(b)(3), and 12(b)(6); 28 U.S.C. §§ 1391 ("Section 1391"), 1404(a) ("Section 1404"), and 1406(a) ("Section 1406"); and R.C. §§ 2711.01, et seq.[23] Noting that Defendant failed to present legal support and argument concerning the applicability of Rules 12(b)(2), 12(b)(3), 12(b)(6), Section 1406, and R.C. §§ 2711.01, et seq. in its brief, this court declined to speculate on the nature of Defendant's arguments under those provisions.  Subsequently, Defendant withdrew its claims based on Rule 12(b)(2), 12(b)(3), 12(b)(6), 28 U.S.C. § 1391, and

---

[21]   Id.

[22]   Id. at p. 44.

[23]   Defendant's Motion to Transfer Venue and Motion to Dismiss, Docket Entry No. 4, p. 1; Defendant's Brief in Support of Motion to Transfer Venue or, in the Alternative, Motion to Dismiss, Docket Entry No. 5, p. 1.

R.C. §§ 2711.01, et seq.[24]  Therefore, pending before the court is Defendant's motion to transfer venue pursuant to Section 1404.[25]

### III. Forum Selection Clause

Having found that Defendant failed to prove that either Plaintiff signed the Limited Warranty Document, this court must determine whether there is sufficient evidence to bind Plaintiffs to the Limited Warranty Document's forum selection clause as a nonsignatory.

In this instance, federal law governs the enforcement of the forum selection clause. Haynsworth v. The Corp., 121 F.3d 956, 962 (5th Cir. 1997)(discussing that federal law applies to determine the enforceability of forum selection clauses).  The Fifth Circuit applies the same reasoning to bind nonsignatories to forum selection clauses, as it does to bind nonsignatories to arbitration agreements.  See Hellenic Investment Fund, Inc v. Det Norske Veritas, 464 F.3d 514, 517-18 (5th Cir. 2006).  The six theories recognized by the Fifth Circuit to bind a nonsignatory to an arbitration clause are: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; (5) estoppel; and (6) third-party beneficiary.  Id. at 517.  In this case,

---

[24]   Defendant's Supplemental Motion to Transfer Venue, Docket Entry No. 17, p. 1-2.

[25]   Defendant's Supplemental Brief in Support of its Motion to Transfer Venue, Docket Entry No. 22.  This court notes that Section 1404 is the proper transfer of venue provision in this case, because Defendant has not argued that venue is improper in the Southern District of Texas.

Defendant only argues equitable estoppel; therefore, this court does not consider the other theories.

The decision to use equitable estoppel is within the discretion of the district court. <u>Bridas S.A.P.I.C. v. Gov't of Turkmenistan</u>, 345 F.3d 347, 360 (5th Cir. 2003). "The linchpin for equitable estoppel is equity-fairness." <u>Grigson v. Creative Artists Agency L.L.C.</u>, 210 F.3d 524, 528 (5th Cir. 2000). The Fifth Circuit recognizes two forms of equitable estoppel to bind a nonsignatory to a contract's forum selection clause, only one of which, the direct benefit estoppel theory, is applicable here.[26] See <u>Bridas S.A.P.I.C.</u>, 345 F.3d at 360-62.

Direct benefit estoppel applies to preclude a party from claiming the benefits of a contract while simultaneously attempting to avoid the obligations that the contract imposes. <u>Wash. Mut. Fin. Group, LLC v. Bailey</u>, 364 F.3d 260, 267 (5th Cir. 2004). In <u>Washington Mutual Financial Group, LLC</u>, the court found that, in an arbitration context, "a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him." <u>Id.</u> at 268. There, the nonsignatory's entire case was based on contractual transactions,

---

[26] The other form of estoppel, the intertwined claims theory, applies when a nonsignatory to a contract seeks to enforce a contract provision against a signatory. <u>Id.</u> at 360-61. The intertwined claims theory is not implicated in this case because the nonsignatories, the Delaneys, are not seeking to enforce the Limited Warranty Document's forum selection clause against the signatory.

which implicated an arbitration clause in the underlying contract. The court found that to permit a plaintiff to claim the benefit of a contract and simultaneously avoid its burdens would disregard both equity and the Federal Arbitration Act.  Id.   The court enforced the arbitration clause against the nonsignatory.

In the present case, the Delaneys purchased a new motor home. In Texas, a purchaser of goods may have a cause of action for breach of an implied warranty of merchantability and fitness for a particular purpose if the item sold was not "fit for the ordinary purposes for which such goods are used."  See Tex. Bus. and Com. Code, § 2.314(b)(3).  Also, a claim under the Texas DTPA is premised on a breach of implied warranties.  See Ketter v. ESC Med. Sys., Inc., 169 S.W.3d 791, 796 (Tex. App. – Dallas, 2005)(noting that, because the "product's merchantability is a necessary part of the . . . warranty [claim] under both the UCC and the DTPA[,]" "there is no relevant distinction between [the] UCC and DTPA breach-of-warranty claims . . . ."). Accordingly, the Delaneys' causes of action arise from the sale of goods itself and are independent of the obligations found in the Limited Warranty Document.

The Fifth Circuit has cautioned that direct benefit estoppel requires that the nonsignatory *knowingly* exploit the contract containing the challenged clause.  Hellenic Inv. Fund, Inc., 464 F.3d at 518 (citing Bridas S.A.P.I.C, 345 F.3d at 361-62).  The Delaneys testified that they did not have knowledge of the Limited

Warranty Document when they first sought to have the motor home repaired.[27] Accordingly, the court finds that the Delaneys did not knowingly exploit the provisions of the Limited Warranty Document and are not estopped from denying application of its forum selection clause.

As Defendant's equitable estoppel argument fails, this court will not consider the forum selection clause in its transfer analysis.

### IV. Motion to Transfer Venue

**A. Legal Standard**

Section 1404, the general change of venue provision, provides that a district court may transfer any civil action to any other district where the case might have been brought if transfer would serve "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a); see also Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). The party seeking transfer must demonstrate that the balance of convenience and justice weighs heavily in favor of changing venue. State St. Capital Corp. v. Dente, 855 F. Supp. 192, 197 (S.D. Tex. 1994). The decision whether to transfer venue rests within the sound discretion of the district court. Casarez v. Burlington N./Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999).

---

[27] Evidentiary Hearing Transcript, October 21, 2008, Docket Entry No. 26, pp. 11, 22-25, 34.

A plaintiff's choice of forum is given deference; however, it is "neither conclusive nor determinative." In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003).  When considering a motion to transfer venue, the first consideration for the court is whether venue is proper in the venue to which transfer is sought. Apparel Prod. Serv. Inc. v. Transportes De Carga FEMA, S.A. DE C.V.,546 F. Supp. 2d 451, 453 (S.D. Tex. 2008) (citing In re Volkswagen of Am., 506 F.3d 376, 380 (5th Cir. 2007)).  Secondly, the court must "consider a number of public and private interests, none of which has dispositive weight." Apparel Prod. Serv. Inc.,546 F. Supp. 2d at 453 (citing Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004)).

The private interests "include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d at 203.  The public interests include: (1) the administrative difficulties related to court congestion; (2) the local interest in deciding the controversy; (3) the familiarity of the forum with the applicable law; and 4) the avoidance of unnecessary conflict of laws problems. Id.

**B.  Analysis**

The parties apparently agree that Plaintiffs could have brought the case in Indiana, even without the forum selection clause, but disagree on whether transfer would be for the convenience of the parties and witnesses and in the interest of justice.  The majority of Defendant's argument focuses on how the private and public factors weigh in favor of transferring the case to Indiana.

The court notes initially that Plaintiffs chose to file their lawsuit in this forum and that Plaintiffs' choice is entitled to deference.  In re Horseshoe Entm't, 337 F.3d at 434.  In addition, the private and public factors weigh in favor of maintaining venue in this court.

With respect to the private factors, there is no evidence that access to sources of proof would be better served by transferring the case to Indiana.  Plaintiffs purchased their motor home from Sims, which is located near Houston.  In addition, most of the witnesses and the Plaintiffs reside in Texas.  Plaintiffs are both residents of Splendora, Texas, and Bratcher, the general manager of Sims who sold the motor home to Plaintiffs, also resides in Texas.  Lastly, once Plaintiffs noticed that their motor home was defective, they attempted to have it repaired in the Houston, Texas, area.  Those repairmen may be witnesses to the present dispute and would not be available to testify in Indiana.

The public interest factors also do not support transferring this case to Indiana.  There is no evidence that the administrative

difficulties in this court are greater than that of the Indiana courts. Plaintiffs bought the motor home in Texas, and, absent their agreement, they should not have to litigate this matter, which arises under Texas law, in Indiana.

Considering Plaintiffs' choice of forum and the private and public interest factors, Defendant has failed to meet its burden to show that the convenience of the parties and interests of justice weighs heavily in favor of changing venue.

## V. Conclusion

Based on the foregoing, the court **DENIES** Defendant's motions to transfer venue.

**SIGNED** in Houston, Texas, this 3rd day of December, 2008.

_____
Nancy K. Johnson
United States Magistrate Judge